UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTORIA SHANEKA TILLMAN-FELTON, *Plaintiff* | CIVIL ACTION NO.: 25-1378 |
| VERSUS | SECTION: "M" (1) |
| | JUDGE BARRY W. ASHE |
| HAZA GROUP, ET AL., *Defendants* | MAGISTRATE JUDGE JANIS VAN MEERVELD |

**REPORT AND RECOMMENDATION**

Plaintiff Victoria Shaneka Tillman-Felton has failed to comply with multiple court orders that she appear and participate in status conferences and a hearing, and she has failed to update her address long after the Court has received mail returned as undeliverable. For the following reasons, IT IS RECOMMENDED that this Plaintiff's Complaint be dismissed for failure to prosecute.

Plaintiff filed this employment discrimination lawsuit on July 3, 2025. On March 26, 2026, the Court appointed pro bono counsel to represent plaintiff for the limited purpose of assisting with service of the defendants and obtaining default judgment, if appropriate. During the time of this limited representation, the Court served copies of all orders on plaintiff's counsel via CM/ECF and on plaintiff herself via her address of record. Plaintiff last updated her address of record on March 23, 2026. Rec. Doc. 32. During a video status conference with the undersigned on March 26, 2026, plaintiff confirmed that she receives mail at the Chef Menteur Highway address she had provided to the Court earlier that week.

Defendants appeared and filed a Motion to Dismiss for improper service and for failure to state a claim on May 27, 2026. Rec. Doc. 59. The Court set a video status conference for June 23, 2026, at which both plaintiff and her counsel were ordered to be present, for the purpose of determining whether plaintiff's counsel had completed the terms of her limited representation.

Rec. Doc. 63. Plaintiff's counsel was ordered to provide the Zoom link to plaintiff. Id. The Court also set a separate status conference to be held by telephone before chambers staff on June 15, 2026, for the purpose of determining whether the parties unanimously consent to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c). Rec. Doc. 64. The Court required plaintiff herself, and not her counsel, to attend this non-service-related conference. Id.

Plaintiff did not answer her telephone number of record on June 15, 2026. She did not contact chambers to provide an alternate telephone number. She did not join the June 23, 2026, video conference, although her counsel reported that she had forwarded the Zoom link to plaintiff. On June 23, 2026, the Court ordered plaintiff to appear in Court in person on July 22, 2026, at 11:00 a.m., to show cause why her lawsuit should not be dismissed for failure to prosecute. She did not appear for the hearing.

Meanwhile, on July 9, 2026, the Court received the orders setting the June 15 and June 23 status conferences returned as undeliverable by the United States Postal Service. The Court previously received mail returned undeliverable on April 9, 2026, May 8, 2026, May 28, 2026, and June 4, 2026. This mail included orders sent less than a week after plaintiff changed her address in March 2026. Rec. Doc. 37.

Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Proc. 41(a)(b). "In addition to the authority granted by Rule 41(b), a federal district court possesses the inherent authority to dismiss an action for want of prosecution, which it may exercise on its own motion when necessary to maintain the orderly administration of justice." Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir. 1980). Because dismissal with prejudice is "an extreme sanction," such dismissal "is warranted only where a clear

record of delay or contumacious conduct by the plaintiff exists, and a lesser sanction would not better serve the interests of justice." Id. (citations omitted). Where the statute of limitations would bar future litigation, a dismissal without prejudice is subject to the same standard. Gray v. Fid. Acceptance Corp., 634 F.2d 226, 227 (5th Cir. 1981).

Further, pursuant to Local Civil Rule 11.1, "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change."

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

LR 41.3.1; see Ferrand v. Fuller, No. CV 20-2293, 2021 WL 1701838, at *2 (E.D. La. Jan. 28, 2021), report and recommendation adopted, No. CV 20-2293, 2021 WL 1699880 (E.D. La. Apr. 29, 2021).

Here, plaintiff has failed to attend two status conferences as ordered by the Court and failed to appear for the show cause hearing set to discuss these absences. Her failure to comply with three court orders and her failure to explain why her lawsuit should not be dismissed reflect not only a failure to prosecute, but also a clear record of delay and contumacious conduct. To the extent her failure to participate in these conferences[1] and the hearing are a result of her not receiving notice of the hearings, here too she has failed to prosecute her case. It has been over 100 days since the Court first received mail returned undeliverable. Local Rule 11.1 requires a *pro se* party to notify the Court of any change in address. If the address is not updated 35 days after return mail is received, plaintiff's lawsuit is subject to dismissal for failure to prosecute pursuant to Local Rule 41.3.1. That time period has long since passed. Accordingly,

[1] Considering plaintiff's counsel's representation that she forwarded the Zoom link for the June 23, 2026, conference to plaintiff by email, it appears that plaintiff had notice of the conference and nonetheless failed to comply with the Court's order.

IT IS RECOMMENDED that plaintiff Victoria Shaneka Tillman-Felton's Complaint be dismissed for failure to prosecute pursuant to Rule 41(b) and Local Rule 41.3.1.

**OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 23rd day of July, 2026.

Janis van Meerveld
Janis van Meerveld
United States Magistrate Judge